IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 19-3

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TAMRA CHRISTINE COX, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#86) filed in the above entitled cause on June 21, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the Defendant had violated terms and conditions of her presentence release. At the call of this matter on for hearing it appeared the Defendant was present with her counsel, Jack Stewart, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

The Defendant was charged in a bill of indictment filed on March 21, 2012 with conspiracy to make and utter counterfeit obligations, in violation of 18 U.S.C. § 371, and uttering counterfeit obligations in violation of 18 U.S.C. § 472. A hearing was held in regard to the detention of Defendant on March 29, 2012. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further sets conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(o) Defendant shall refrain from any use of alcohol.

(8)(u) Report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On June 11, 2012, Defendant entered a plea of guilty to the crime of conspiracy to make and utter counterfeit obligations as contained in count one of the bill of indictment. Thereafter on September 16, 2012 and September 17, 2012, Defendant was charged with driving while license revoked in Buncombe County, NC and Defendant failed to notify the U.S. Probation Office that she had been charged with those two offenses. On June 18, 2013, Defendant was arrested and

charged with driving while impaired. After being arrested, Defendant was administered a test for use of alcohol and it showed she had an alcohol content of .13. On June 21, 2013, Defendant admitted she had consumed alcohol on June 18, 2013. On June 18, 2013, Defendant was also charged with driving while license revoked.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a state crime while on release, that being the offenses

of driving while license revoked on September 16, 2012, September 17, 2012 and June 18, 2013. Additionally, there is probable cause to believe Defendant committed the state crime of driving while impaired on June 18, 2013.

There has been shown by clear and convincing evidence that Defendant violated the condition of release which required that she not consume alcohol and Defendant admitted on June 21, 2013 that she had consumed alcohol on June 18, 2013. There has been shown by clear and convincing evidence that Defendant violated the condition of release which requires that she report any contact with any law enforcement personnel in that she failed to notify the U.S. Probation Office she had been charged with driving while license revoked in Buncombe County, NC on September 16, 2012 and September 17, 2012.

Due to the findings made above, it appears there is no condition or combination of conditions of release that would assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms and conditions of pretrial release previously issued in this matter and entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending sentencing and further proceedings in this matter.

Signed: July 9, 2013

Dennis L. Howell
United States Magistrate Judge